UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CR-00384-HEA ) |
| NICHOLAS H. HAGLOF, | ) ) |
| Defendant. | ) ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

1. **PARTIES**

The parties are the defendant Nicholas H. Haglof, represented by defense counsel Daniel Juengel, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement. However, if the Court accepts the plea agreement as to the sentencing range, then the Court will be bound by said agreement pursuant to Rule 11(c)(1)(C).

2. **GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in exchange for the defendant's voluntary plea of guilty to Count II of the Indictment, the Government agrees to dismiss Count I of the Indictment and the Government agrees that no further federal prosecution of the Defendant will be brought in this District relative to the defendant's conduct underlying the charges in the Indictment of which the Government is aware at this time.

1

The parties agree that the U.S. Sentencing Guidelines recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document. The parties agree pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure to a sentencing range cap of 48 months. The Government agrees to request a sentence of no more than forty-eight (48) months imprisonment to be followed by a period of lifetime supervised release as well as appropriate assessments and restitution. The parties further agree that the defendant may request a sentence below the 48-month cap and can request any sentence including probation or time served with/and supervised release. The parties further agree that notice of any such request by the defendant will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document or the recommendation of the parties. If the Court informs the parties prior to sentencing that it will reject this agreement and sentencing range of 0-48 months, then either party may withdraw from the plea agreement and the defendant will have an opportunity to withdraw his guilty plea pursuant to Rule 11(c)(5). The parties have entered into this agreement after considering a number of issues including challenges raised by the defendant in pretrial motions, the defendant's background and role in the offense, and mitigating factors that may exist pursuant to 18 U.S.C 3553(a).

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees

not to contest the vesting of title of such items in the United States, including, but not limited to: an Apple iPhone and a Hewlett-Packard laptop computer. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.  **ELEMENTS**

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Accessing with the Intent to View Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly accessed with the intent to view material that contained images or videos of child pornography (2) which were visual depictions, where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate and foreign commerce and were themselves transported in interstate and foreign commerce.

4.  **FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On November 12, 2019, Microsoft Online Operations made a CyberTipline Report to the National Center for Missing and Exploited Children ("NCMEC") because the defendant had

3

utilized the internet-based search engine "Bing" to possess or attempt to possess items of child pornography on November 10, 2019.

On July 31, 2020, law enforcement seized a Hewlett-Packard laptop belonging to the defendant. Between August of 2019 to February of 2020, the defendant used that Hewlett-Packard laptop to visit websites that are known to contain child pornography. The defendant had accessed and viewed approximately four hundred and twenty-one (421) images of child pornography that the defendant had downloaded and then later deleted. These images involved juvenile boys and girls subjected to prurient and lascivious displays of their genitals and met the definition of child pornography, the contraband included but is not limited to the following images:

    a.    an image file depicting two prepubescent male minors under the age of twelve years with their mouths on one another's genitals;

    b.    an image file depicting two prepubescent female minors under the age of twelve years with their hands on the penis of a prepubescent male minor under the age of twelve; and

    c.    an image file depicting four prepubescent male minors under the age of twelve with their hands on their own and one another's genitals.

On July 31, 2020, law enforcement seized an Apple iPhone cellular telephone belonging to the defendant. Utilizing that Apple iPhone cellular telephone the defendant accessed and viewed, between the dates of December 26, 2019 and July 9, 2020, approximately 1,065 images of child pornography involving prepubescent minors from websites via the internet. The defendant also accessed and viewed images of a prepubescent minor being vaginally penetrated by a penis,

a prepubescent female minor with her mouth on an adult penis, and an adult finger penetrating the vagina of a prepubescent minor.

In a recorded interview with law enforcement, the Defendant admitted that he had been looking at child pornography. Defendant Haglof agreed that child pornography was a big problem with him. He explained that he feels guilty about having child pornography and that is why he would delete it. Defendant Haglof confirmed that he did use the Bing search engine to search for child pornography. Defendant Haglof acknowledged that he needs help.

## 5.    STATUTORY PENALTIES

The defendant fully understands that for Count II, the maximum possible penalty provided by law for the crime of Accessing with the Intent to View Child Pornography, to which the defendant is pleading guilty, is imprisonment of not more than twenty years, and a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than life and not less than five years. In certain situations, if the defendant is determined by the Court to have a prior conviction under chapters 71, 109A, 110 or 117 of the United States Code, Section 210 of Title 20 of the Uniform Code of Military Justice, or under the laws of any State related to aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, then the defendant may be subject to a mandatory minimum sentence of not less than 10 years and not more than 20 years.

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment of no more than $17,000.00. Per Title 18, U.S.C. § 3014, defendant fully understands that for offenses occurring on or after May 29, 2015, and before September 30, 2021,

in addition to other assessments, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A(a)(5), possession of or accessing to view child pornography). Per 18 U.S.C. § 3013, the defendant fully understands that the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

The defendant is pleading guilty with full knowledge of these statutory penalties and assessments and has discussed them with counsel.

**6.   U. S. SENTENCING GUIDELINES (2018 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that may apply.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level is 18, as found in Section 2G2.2(a)(2).

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(a)   The parties agree that two (2) levels should be added pursuant to §2G2.2(b)(2), because the material involved a prepubescent minor or a minor who had not attained the age of 12 years;

6

   (b) The parties agree that four (4) levels should be added pursuant to §2G2.2(b)(4), because "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence;"

   (c) The Government recommends that two (2) levels should be added pursuant to §2G2.2(b)(6), because "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material," and the defendant reserves the right to argue against this special offense characteristic.

   (d) The parties agree that five (5) levels should be added pursuant to §2G2.2(b)(7)(C) because "the offense involved 600 or more images."

 **b. Chapter 3 Adjustments:**

  **(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

 **c. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 28 or 26.

**d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing

Guidelines range, sentences the defendant within the range recommended in this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court sentences the defendant to a sentence of at least forty-eight (48) months imprisonment.

 **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

 **c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER**

 **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

 **b. Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

 **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime

defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling, and that defendant not maintain a post office box. In addition, as a condition of supervised release, the defendant shall initially register with the state sex offender registration in Missouri and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A

10

(transportation, distribution, receipt, possession, or access with the intent to view child pornography)).

Pursuant to Title 18, United States Code, Section 2259A, for offenses committed on or after December 7, 2018, the Court shall impose an assessment for each count of not more than seventeen thousand dollars ($17,000.00) on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography)).

The assessments imposed under 18 U.S.C. § 3014 and 18 U.S.C. §2259A are in addition to one another and to the mandatory special assessment imposed under 18 U.S.C. § 3013.

   e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

   f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution that is ordered by the Court to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count of conviction is $3000 for crimes occurring on and

after December 7, 2018. Notwithstanding the provisions above, the defendant reserves the right to challenge restitution and legal assessments other than the $100 Special Assessment Fee.

   g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice.  By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

9.   **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

In pleading guilty, the defendant acknowledges, fully understands, and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant understands that, by pleading guilty, the defendant will be subject to federal and state sex offender registration requirements and that those requirements may apply for life. The defendant understands that the defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes in name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person said sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Missouri following release from prison, the defendant will be subject to the registration requirements of Missouri state law. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact the defendant's immigration status or result in deportation. In particular, if any crime to which the defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring, or as set forth in Paragraph 2 above.

5/16/22  
Date

*Jillian S. Anderson*  
Jillian S. Anderson  
Assistant United States Attorney

5/16/2022  
Date

Nicholas H. Haglof  
Defendant

5/16/2022  
Date

Daniel Juengel  
Attorney for Defendant

15